UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-CV-00474-AB (JEMx) | Date: | March 23, 2022 |
|---|---|---|---|

Title: *Midway Plaza LP v. Rebecca Zatarain, et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Before the Court is Plaintiff Midway Plaza LP's Motion to Remand Action to Superior Court for San Diego County for Lack of Jurisdiction. ("Motion," ECF No. 6.) Neither Defendant Rebecca Zatarain nor Defendant Luis Fernando Ochoa Castro (collectively "Defendants") filed an opposition. The Court finds this matter appropriate for resolution without a hearing and therefore **VACATES** the March 25, 2022 hearing. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion.

**I.   BACKGROUND**

On December 6, 2021, Plaintiff filed a verified unlawful detainer action against Defendants in the Superior Court of California for the County of San Diego. (*See* ECF No. 1 at Ex. A ("Compl.").) Plaintiff alleges in the Complaint that on or about March 1, 2019, Defendants agreed to rent the commercial property, located at 2373 Midway Drive in San Diego, California, on a month-to-

month basis.  (*See* Compl. at ¶¶ 1-6.)   Based on the written lease agreement, Defendants agreed to pay $2,490.00 in rent each month.   (*See id.* at ¶ 6(a)(2).)

On October 12, 2021, Plaintiff served on Defendants a thirty-day notice to terminate the tenancy, which expired on November 14, 2021.   (*See* Declaration of David O. Stallone ("Stallone Decl.") ¶ 2, Ex. 4 at 74-77.)   However, as of the filing of the Complaint, Defendants were still in possession of and occupying the commercial property.   (*Id.* ¶ 10.)

On December 11, 2021, Plaintiff served Defendant Castro with the Summons and Complaint.   (*See* ECF No. 1 at Ex. B.)

On January 12, 2022, Defendant Castro removed the action to the United States District Court for the Central District of California.[1]   (*See generally* ECF No. 1.)

## II.   LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court when the federal district court has original jurisdiction over the action.   *See* 28 U.S.C. § 1441(a).   "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally."   *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).

"The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal."   *Id.* (internal citations omitted); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).   "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).   If any doubt exists as to the right of removal, federal jurisdiction must be rejected.   *Id.* at 566–67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Id.* at 566) ("[T]he court resolves all ambiguity in favor of remand to state court.").

## III.   DISCUSSION

Plaintiff's Motion is granted for the following two reasons.   First, Defendants failed to oppose Plaintiff's Motion.   Under Local Rule 7-12, "[t]he

---

[1] On January 24, 2022, Defendant Castro also removed the same matter to the United States District Court for the Southern District of California, which is the proper forum to have removed the action.  (*See* Stallone Decl. ¶ 4, Ex. 1.)

failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12.  Here, Plaintiff filed its Motion on February 18, 2022, and timely set it for a March 25, 2022 hearing.  (*See* ECF No. 6.)  Defendants were to file their oppositions no later than March 11, 2021.  However, as of the date of this Order, Defendants have not filed any oppositions.  Accordingly, Defendants' failure to file their oppositions provides independent grounds for granting the Motion.

Second, the Court grants Plaintiff's Motion on the merits.[2]  As an initial matter, Defendant Castro untimely filed the Notice of Removal.  Because Defendant Castro was served with the Summons and Complaint on December 11, 2021, the deadline to file the Notice of Removal was January 10, 2022.  *See* 28 U.S.C. § 1446(a) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .")  However, Defendant Castro did not file the Notice of Removal until January 21, 2022.  (*See* ECF No. 1.)  As such, remanding the matter to state court is proper because of Defendant Castro's untimely removal.

Even assuming that Defendant Castro had timely filed the Notice of Removal, there is no basis for the Court to exercise subject matter jurisdiction over the action.  Specifically, Defendant Castro asserts that federal question jurisdiction and diversity jurisdiction exist.  (*See generally* ECF No. 1.)

To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  Here, neither requirement for diversity jurisdiction is satisfied.  As noted on the first page of the Complaint, the amount in controversy does not exceed $75,000.00 because this is a limited civil matter, and thus, the amount in controversy does not even exceed $10,000.00.  (*See* Stallone Decl. ¶¶ 5-6, Exs. 2-3; *see also* 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").)  Indeed, Defendant Castro fails to provide any support for his conclusory statement that "it

---

[2] Plaintiff also requests $900.00 in attorneys' fees and $402.00 in costs because Defendant Castro has filed a "sham Notice of Removal in two different district courts for the sole purpose of delaying unlawful detainer proceedings in state court."  (*See* Stallone Decl. ¶ 8.)  However, Plaintiff's request for attorneys' fees is **DENIED** as Plaintiff did not file any time entries nor invoices to support the requested fees.

Case 2:22-cv-00474-AB-JEM   Document 15   Filed 03/23/22   Page 4 of 4   Page ID #:161

is apparent the amount in controversy more likely than not exceeds $75,000.00, exclusive interests and costs."  (*See* ECF No. 1 ¶ 8.)   In addition, although Defendant Castro asserts that he "is not domiciled [in California] for purposes of establishing citizenship," complete diversity does not exist among the parties.  (*See* ECF No. 1 at ¶ 8.)   Indeed, Plaintiff and Defendant Zatarain are both domiciled in California, which defeats diversity jurisdiction.   (*See* Stallone Decl. ¶¶ 5-6, Exs. 2-3; *see also* 28 U.S.C. § 1441(c)(1)("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated.").)

Last, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   Here, the sole cause of action asserted in the Complaint is for an unlawful detainer, which does not arise from the Constitution, laws, or treaties of the United States.  (*See generally* Compl.)   As such, federal question jurisdiction does not exist.

Accordingly, Plaintiff's Motion is **GRANTED** and the Court **REMANDS** the matter to the California Superior Court for the County of San Diego, 330 W. Broadway, San Diego, California 92101, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).   Furthermore, the Court **ORDERS** the Clerk to send a certified copy of this Order to the state court and serve copies of this Order on the parties.

**IT IS SO ORDERED**.

4